UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

DONALD S. BERTRAM, )
)
    Plaintiff, )
)
v. )   Case No. 5:14-cv-109
)
CAROLYN W. COLVIN, )
Commissioner of Social Security, )
)
    Defendant. )

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 4, 8, & 12)

This matter came before the court for a review of the Magistrate Judge's June 10, 2015 Report and Recommendation ("R & R"). Plaintiff Donald S. Bertram has filed a motion to reverse the decision of the Commissioner of Social Security (the "Commissioner"). (Doc. 4.) Defendant opposes the Plaintiff's motion and has filed a motion for an order affirming decision of the Commissioner. (Doc. 8.) Neither party has filed an objection to the R & R, and the time period to do so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his thirty page R & R, the Magistrate Judge carefully reviewed the factual record and the pending motions and recommended that the court grant Plaintiff's motion to reverse and remand the decision of the Commissioner and deny the Commissioner's motion to affirm. In support of that recommendation, the Magistrate Judge concluded that the Administrative Law Judge ("ALJ") erred in determining that Plaintiff engaged in substantial gainful activity ("SGA") in his self-employment businesses since his alleged disability onset date of January 1, 2008 by (1) relying on gross income rather than net income; (2) failing to sufficiently develop the record to establish that Plaintiff's services were comparable to that of an unimpaired individual; and (3) failing to sufficiently develop the record when analyzing the value of Plaintiff's work activity. The Magistrate Judge further recommended that on remand the ALJ be directed to reassess Plaintiff's credibility and ability to return to his past relevant work and to provide an adequate explanation of the weight he accorded to the relevant medical opinions. Neither party has objected to the Magistrate Judge's recommendations which the court finds well-reasoned.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R as the court's Order and Opinion, and GRANTS Plaintiff's motion to reverse decision of the Commissioner (Doc. 4), DENIES Defendant's motion for order affirming the decision of the Commissioner (Doc. 8), and REMANDS this matter for further proceedings and a new decision. On remand, the ALJ is instructed to (1) use Plaintiff's net income when determining whether he received a "substantial income" from his self-employment businesses, pursuant to 20 C.F.R. § 404.1575(a)(2)(i); (2) further develop the record to establish whether Plaintiff's services were comparable to that of an unimpaired individual; and (3) further develop the record when considering the worth of Plaintiff's work activity, pursuant to 20 C.F.R. § 404.1575(a)(2)(iii), when making the step one determination as to whether Plaintiff engaged in substantial gainful activity during the time in question. The ALJ is also instructed to perform a new analysis of the medical opinions pursuant to the treating physician rule, 20 C.F.R. § 404.1527(c)(2).

Finally, in light of the other bases for remand, the ALJ is instructed to reassess Plaintiff's credibility and ability to return to his past relevant work as a real estate broker.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 27th day of July, 2015.

Christina Reiss, Chief Judge
United States District Court